IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD A. MAYERS,<br>     No. 88408, <br> <br>     Plaintiff, <br> <br>v. <br> <br>JOEY BOYD, *et al.*, <br> <br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 3:14-cv-01560<br>)<br>)  Judge Trauger<br>)<br>) |

**MEMORANDUM**

Plaintiff Richard A. Mayers, an inmate incarcerated in the Metro-Davidson County Detention Facility in Nashville, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against several individual defendants and the Millersville Police Department and 20th Judicial District Drug Task Force. The complaint is before the court for an initial review pursuant to the PLRA, 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c).

**I.     Standard of Review**

Under the PLRA, the court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

## II.     Factual Allegations

The plaintiff alleges that in August 2013, Tennessee Bureau of Investigation confidential informant Matthew Ellis conspired with the defendant police officers to "trap and shoot" the plaintiff. (ECF No. 1, at 5.) He alleges that when he met the informant at a Waffle House in Goodlettsville to sell him some suboxone, the police officers tried to trap him there. (*Id.*) He alleges that he was armed for protection against a drug cartel that had threatened his family, and that he thinks he pointed his firearm in the general direction of the officers. (*Id.*) He alleges that after fleeing for two blocks, he tried to get out of his vehicle but was unable to do so because he was under gunfire, and that he was hit in both legs, dragged from his vehicle, had his head stomped and was sprayed with pepper spray. (*Id.*) Finally, he alleges that defendant Boyd was called to investigate the shooting, and that he conspired to commit perjury by testifying to the Sumner County grand jury that he was involved in the original pursuit. (*Id.*)

## III.    Discussion

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his

federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Construing the complaint liberally, the plaintiff alleges that he was subjected to excessive force in the course of his arrest. "[C]laims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Whether the force used during an arrest is "reasonable" depends on three factors: "(1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight." *Sigley v. City of Parma Heights*, 437 F.3d 527, 534 (6th Cir. 2006) (quoting *Dunigan v. Noble*, 390 F.3d 486, 492 (6th Cir. 2004)). The "proper application [of this test] requires careful attention to the facts and circumstances of each particular case." *Graham*, 490 U.S. at 396. It is not apparent from the complaint that the plaintiff was still actively resisting or fleeing or that he posed an immediate threat by the time he was allegedly shot, stomped and pepper sprayed. The plaintiff has alleged sufficient facts to state a colorable claim for this violation.

The identity of the proper defendants, however, is a separate matter. Neither the Millersville Police Department nor the 20th Judicial District Drug Task Force are "persons" subject to suit under § 1983, and they will accordingly be **DISMISSED** from this action. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Timberlake by Timberlake v. Benton*, 786 F. Supp. 676, 683 (M.D. Tenn. 1992). Because the plaintiff has not alleged that the excessive force allegedly used against him was exerted under the authority of an unconstitutional policy or custom adopted by the governmental entities under whose auspices the police force or task force operate, he would not state a claim against those governments even if he named them in lieu of the law enforcement agencies. *Matthews*, 35 F.3d at 1049.

The court has also questioned whether the alleged confidential informant, Matthew Ellis, can be deemed to have acted under color of state law for the purpose of liability under § 1983. The Sixth Circuit has declined "'to establish a per se rule that the activities of paid government informants must always be considered government action.'" *Hiser v. City of Bowling Green*, 42 F.3d 382, 383 (6th Cir.1994) (quoting *Ghandi v. Police Dep't*, 823 F.2d 959, 963 (6th Cir.1987)). Federal courts may find informants to be acting under color of state law for § 1983 purposes "if the informant acts in an investigatory capacity at the direction of or under the supervision of governmental authorities and if there is a nexus between the informant's activities and the activities of the authorities themselves." *Harper v. Bohanan*, No. 3:97-cv-80, 2006 WL 319029, at *17 (E.D. Tenn. Feb.8, 2006) (citations and internal quotation marks omitted). However, other courts have determined that private actors, without proof of a "close nexus" to law enforcement officers, are not state actors for § 1983 purposes even when they provide a false report to the police. *Id.* (citing *Ferebee v. Smith*, 2005 WL 2709488, at *3 (D.S.D. 2005); *Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988)). For the purpose of initial screening under the PLRA, the court concludes that the plaintiff's allegation that Ellis conspired with police officers to trap and shoot the plaintiff is sufficient to state a claim for Ellis's liability as a state actor on the plaintiff's excessive force claim. The court cautions that this is an initial determination, and that it is subject to reconsideration as the case develops.

Finally, the court considers whether the plaintiff states a viable claim against Defendant Boyd, who was allegedly not part of the "original chase," but lied to that effect to the grand jury after being called to the scene to investigate the shooting. Law enforcement officers enjoy absolute witness immunity for § 1983 claims arising from testimony before a grand jury, *Alioto v. City of Shively, Ky.*, 835 F.2d 1173, 1174 (6th Cir. 1987), and that immunity is not defeated even by a claim of conspiracy to commit perjury. *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999). Accordingly, the plaintiff has not stated a viable claim against Joey Boyd, and Boyd will be **DISMISSED** from this action.

### IV. CONCLUSION

For the reasons set forth herein, Defendants Joey Boyd, Millersville Police Department and 20th Judicial District Drug Task Force will be **DISMISSED** from this action with prejudice. With respect to the

remaining defendants, construing the complaint liberally, the plaintiff has stated a colorable claim for violation of his Fourth Amendment right to be free from excessive force during his arrest. The plaintiff will be provided with service packets for the remaining defendants, and process shall issue for them upon the return of the completed packets. An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge